IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

U.S. BANK NATIONAL ASSOCIATION, a national bank;

      Plaintiff,

v.

CAUSEWAY SQUARE, LLC, a Florida limited liability company; IRWIN E. TAUBER, an individual; IRWIN E. TAUBER, as Trustee of THE TAUBER FAMILY 2001 DYNASTY TRUST;

      Defendants.

Case No. _____

## COMPLAINT

Plaintiff, U.S. Bank National Association ("U.S. Bank," or the "Bank"), hereby files this Complaint against Defendants, alleging as follows:

### THE PARTIES

1. U.S. Bank is a national bank chartered pursuant to the National Bank Act, with its principal place of business located at 800 Nicollet Mall, Minneapolis, Minnesota, 55402-7020. U.S. Bank is therefore a resident of Minnesota.

2. Defendant Causeway Square, LLC ("Causeway") is a Florida limited liability company with its principal place of business located at 9551 E. Bay Harbor Dr., Bay Harbor, Florida. Causeway is therefore a resident of Florida.

3. Defendant Irwin E. Tauber ("Tauber") is a resident of Miami, Florida.

4. Defendant The Tauber Family 2001 Dynasty Trust (the "Family Trust") is a trust created under the laws of Florida. The Family Trust is therefore a resident of Florida.

ORLA_1489920.1

## JURISDICTION AND VENUE

5. U.S. Bank is a citizen of Minnesota and Defendants are citizens of Florida.

6. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

8. Venue is proper because Defendants are residents of the district of this Court, and the contract at issue in this matter was negotiated and executed in this district.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9. On January 8, 2008, U.S. Bank and Causeway entered into transactions that were governed by the International Swaps Dealers Association Master Agreement ("Master Agreement"), which included the schedule ("Schedule"), and the documents and other confirming evidence exchanged between the parties confirming those transactions ("Confirmation"). The parties agreed to an interest rate swap, which provided an interest rate hedge on a $52 million construction loan. A true and correct copy of the Master Agreement is attached as Exhibit A, and incorporated herein; a true and correct copy of the Schedule to the Master Agreement is attached as Exhibit B and incorporated herein, and a true and correct copy of the Confirmation dated December 24, 2007 is attached as Exhibit C and incorporated herein.

10. Tauber and the Family Trust (collectively, the "Guarantors") guaranteed the payment of all present and future obligations and liabilities of Causeway to U.S. Bank under the Master Agreement as a condition of entering into same. See Resolution/Authorization for Guaranty and Pledge of Assets attached as Exhibit D, and incorporated herein; see also Reaffirmation of Guaranty attached as Exhibit E, and incorporated herein (collectively the "Guaranty Agreements"). Pursuant to the Reaffirmation of Guaranty the Guarantors guaranteed

"all of the obligations of Causeway Square, LLC (the "Borrower") to the Bank, whether currently existing or arising in the future." See id.

11. To further secure Causeway's obligations under the Master Agreement, Causeway and the Guarantors agreed to the cross-collateralization of all collateral pledged to U.S. Bank by Causeway, Tauber, or the Family Trust in order to secure any of their obligations or Causeway's obligations to the Bank. See Cross-Collateralization of Obligations under ISDA Master Agreement dated January 7, 2008, attached as Exhibit F and incorporated herein.

12. Causeway defaulted under the Master Agreement by failure to make monthly payments as agreed.

13. In an attempt to participate in discussions and negotiations with Causeway and Guarantors concerning the obligations of Causeway and Guarantors to U.S. Bank, the Guarantors consented to the execution and delivery of a Pre-Negotiation Agreement with U.S. Bank, which explicitly acknowledged and agreed that the Guaranties remained in full force and effect and enforceable in accordance with its terms and shall remain in full force and effect unless and until modified in a written agreement. See Pre-Negotiation Agreement dated May 4, 2009, attached as Exhibit G and incorporated herein.

14. On June 22, 2009 U.S. Bank provided Causeway and Guarantors with Notice of Default on Interest Rate Swap No. 22545A, and provided Causeway with notice of its ability to cure its default by submitting payment of all unpaid amount on or by Thursday, June 25, 2009. See Letter attached as Exhibit H and incorporated herein.

15. Neither Causeway nor the Guarantors submitted payment during the cure period. Accordingly, on July 1, 2009, U.S. Bank notified Causeway that an Event of Default had occurred and was continuing and that July 6, 2009 was designated as the Early Termination Date

ORLA_1489920.1

applicable to the Master Agreement. U.S. Bank by letter dated July 13, 2009, made written demand to Causeway for the $3,900,385.17 due and owing to the Bank pursuant to the Master Agreement. See Payment for Early Termination of Interest Rate Swap No. 22545A, attached as Exhibit I and incorporated herein.

16.     Causeway and the Guarantors have failed and refused to pay the amount due under the Master Agreement.

17.     As of January 22, 2010, the total amount due to U.S. Bank by Causeway and/or the Guarantors was $3,956,209.42, with interest accruing at the per diem rate of $279.12.

18.     U.S. Bank has retained the law firm of Foley & Lardner LLP to represent it in this action and is obligated to pay a reasonable fee for services rendered on its behalf.

19.     All conditions precedent to U.S. Bank's right to bring this cause of action have been performed, have occurred, or have been waived.

## COUNT I- BREACH OF MASTER AGREEMENT AGAINST CAUSEWAY

20.     U.S. Bank repeats, realleges, and incorporates by reference the allegations of the above paragraphs as if fully set forth herein.

21.     Causeway entered into the Master Agreement with U.S. Bank, which is a valid and enforceable agreement.

22.     Causeway materially breached the Master Agreement by failing to make timely payment as provided pursuant to the Master Agreement.

23.     U.S. Bank has been damaged by Causeway's failure to pay pursuant to the Master Agreement in the amount of $3,956,209.42, with interest accruing at the per diem rate of $279.12, as of January 22, 2010.

ORLA_1489920.1

24. U.S. Bank is entitled to such damages as may be appropriate in this case, the costs of these proceedings, and such other and further relief as the Court deems just and proper under the circumstances.

WHEREFORE, U.S. Bank respectfully requests that this Court enter judgment in its favor, including compensatory damages, costs of the proceedings, and such other relief as it deems just and proper.

## COUNT II- BREACH OF GUARANTY AGREEMENT AGAINST TAUBER AND THE FAMILY TRUST

25. U.S. Bank repeats, realleges, and incorporates by reference the allegations of the above paragraphs as if fully set forth herein.

26. The Guarantors entered into the Guaranty Agreements with U.S. Bank and agreed to guaranty Causeway's debt pursuant to the Master Agreement. See Exhibits D & E.

27. The Guarantors materially breached the Guaranty Agreements by failing to make timely payment to U.S. Bank after they were provided notice of Causeway's material breach of the Master Agreement. Pursuant to the Guaranty Agreements, the Guarantors are liable, jointly and severally, to U.S. Bank for all of the obligations of Causeway.

28. U.S. Bank has been damaged by the Guarantors' failure to pay pursuant to the Guaranty Agreements in the amount of $3,956,209.42, with interest accruing at the per diem rate of $279.12, as of January 22, 2010.

29. U.S. Bank is entitled to such damages as may be appropriate in this case, the costs of these proceedings, and such other and further relief as the Court deems just and proper under the circumstances.

ORLA_1489920.1

WHEREFORE, U.S. Bank respectfully requests that this Court enter judgment in its favor, including compensatory damages, costs of the proceedings, and such other relief as it deems just and proper.

Dated: January 27, 2010

Respectfully submitted,

/s/ Christi R. Adams
Christi R. Adams
Florida Bar No. 0498351
cadams@foley.com
Samantha R. Powers
Florida Bar No. 0017453
Foley & Lardner LLP
spowers@foley.com
111 North Orange Avenue, Suite 1800
Orlando, FL 32801-2386
P. O. Box 2193
Orlando, FL 32802-2193
Telephone: 407.423.7656
Facsimile: 407.648.1743